IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LEWIS RAY HART, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | |
| § | No. 3:12-cv-5104-B-BN |
| WILLIAM STEPHENS, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Lewis Ray Hart, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

**Background**

On August 28, 2009, a Kaufman County jury found Petitioner guilty of first degree murder and sentenced him to life imprisonment. The conviction was affirmed on appeal. *See Hart v. State*, No. 05-09-01058-CR, 2011 WL 2028216 (Tex. App. – Dallas, May 25, 2011, no pet.). Petitioner's request to file an out-of-time petition for discretionary review was denied. *See Ex parte Hart*, PD-1050-12 (Tex. Crim. App. Aug. 7, 2012). Petitioner also filed an application for state post-conviction relief. The application was denied without written order on the findings of the trial court. *See Ex parte Hart,* WR-78,507-01 (Tex. Crim. App. Nov. 14, 2012).

Petitioner then filed this action in federal district court. In five grounds for relief, Petitioner claims that the trial court erred in refusing to permit a third party instruction and instructions on lesser included offenses, excluding testimony regarding the victim's history of violence, and admitting Petitioner's initial written statement. He also asserts that he received ineffective assistance of counsel.

Respondent has filed a preliminary response in which he argues that this case is barred by the Antiterrorism and Effective Death Penalty Act's statute of limitations. *See* Dkt. No. 10. Petitioner filed a reply brief on April 22, 2013. *See* Dkt. No. 15.

## Legal standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).

## Analysis

Petitioner was found guilty of first degree murder, and his conviction was affirmed on May 25, 2011. He did not file a timely petition for discretionary review. Petitioner's unsuccessful motion to file an out-of-time petition for discretionary review does not serve to reopen his final conviction. *See Jimenez v. Quarterman*, 555 U.S. 113, 119-21 (2009). Therefore, his conviction became final for limitations purposes on June 24, 2011 – 30 days after the state appeals court rendered its judgment. *See* TEX. R. APP. P. 68.2(a).

Petitioner did not file an application for state post-conviction relief until he placed his state habeas petition in the prison mail system on or about August 27, 2012. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The writ was denied on November 14, 2012. The limitations period is not subject to statutory tolling for the period of time during which Petitioner's state habeas application was pending, because it was filed more than one year after his conviction became final. *See Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Petitioner filed his federal writ application on December 8, 2012, over 17 months after his conviction became final.

Although he was given an opportunity to address the issue of limitations in his habeas petition, *see* Dkt. No. 2 at 10, and in a reply to Respondent's answer, *see* Dkt. No. 6, no explanation has been offered to justify his delay or to suggest that equitable tolling is appropriate. Instead, Petitioner simply restates his claims for collateral relief on the merits. *See* Dkt. No. 15.

Without a basis for equitable or statutory tolling, Petitioner's untimely writ must be dismissed.

## Recommendation

Petitioner's application for writ of habeas corpus should be dismissed with prejudice because it is barred by limitations.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: June 6, 2013

                                              DAVID L. HORAN
                                              UNITED STATES MAGISTRATE JUDGE